T.C. Summary Opinion 2011-44

UNITED STATES TAX COURT

KEVIN L. AND LINDA SHERAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19548-09S.               Filed April 6, 2011.

Kevin L. and Linda Sherar, pro sese.

<u>Jimeel R. Hamud</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $4,988.

The issue for decision is whether certain workers' compensation benefits received by petitioner Linda Sherar (Mrs. Sherar) are taxable as though they were Social Security benefits by virtue of section 86(d)(3).  We hold that they are.

### Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  Petitioners resided in the State of California when the petition was filed.

In 1998, Mrs. Sherar suffered two work-related injuries 2 months apart.  As a result of these injuries, Mrs. Sherar has endured 12 surgeries, and she began receiving workers' compensation benefits in 1999.

In 2003, on the advice of counsel, Mrs. Sherar applied for Social Security disability benefits.  Mrs. Sherar was initially denied Social Security benefits but after a series of appeals was finally granted benefits in 2007.

For 2007, Mrs. Sherar received a Form SSA-1099, Social Security Benefit Statement, from the Social Security

Administration.  Box 3 of that form reported "Benefits Paid in 2007" of $36,374.40, which amount was described as follows:

| | |
|---|---|
| Paid by check or direct deposit | $3,796.38 |
| Medicare Part B premiums deducted from * * * benefits | 841.50 |
| Workers' compensation offset | 30,663.90 |
| Attorney Fees | 1,072.62 |
| Benefits for 2007 | $36,374.40 |

The description of the benefits for 2007 also includes a statement that the $36,374.40 amount included $10,750.80 paid in 2007 for 2006, $10,330.80 paid in 2007 for 2005, and $4,189.50 paid in 2007 for 2004.[2]

Petitioners filed a 2007 Federal income tax return reporting, inter alia, wages of $50,797 on line 7.  In contrast, on line 20a of their return, petitioners did not report any Social Security benefits, nor did they report any taxable amount thereof on line 20b.

In the notice of deficiency respondent determined that 85 percent, or $30,918, of the Social Security benefits of $36,374.40, received by Mrs. Sherar in 2007, was includable in petitioners' gross income for that year.

### Discussion

Workers' compensation is generally excludable from a taxpayer's gross income.  Sec. 104(a)(1).  In contrast, Social Security benefits, including Social Security disability benefits,

---

[2] Necessarily, therefore, the balance of benefits (i.e., $11,103.30) was paid for 2007.

may be includable in a taxpayer's gross income pursuant to a statutory formula that takes into account a number of factors, including the amount of Social Security benefits received, the taxpayer's other income, and the taxpayer's filing status. Sec. 86.

The amount of Social Security benefits may include the amount of workers' compensation benefits received. Sec. 86(d)(3). Specifically, if the amount of Social Security benefits that a taxpayer receives is reduced because of the receipt of workers' compensation benefits, then the amount of workers' compensation benefits that causes the reduction (the so-called offset amount) is treated as though it were a Social Security benefit. Sec. 86(d)(3); see Mikalonis v. Commissioner, T.C. Memo. 2000-281; Willis v. Commissioner, T.C. Memo. 1997-290. The rationale for this provision appears in the legislative history accompanying the enactment of section 86 by the Social Security Amendments of 1983, Pub. L. 98-21, sec. 121, 97 Stat. 80:

> Your Committee's bill provides that social security benefits potentially subject to tax will include any workmen's compensation whose receipt caused a reduction in social security disability benefits. For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then, for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits. [H. Rept. 98-25, at 26 (1983).]

In other words, the purpose of section 86(d)(3) is to equalize the Federal tax treatment of Social Security benefits that are received by taxpayers who may or may not be eligible to receive workers' compensation benefits.

We acknowledge that Mrs. Sherar applied for Social Security benefits on the advice of counsel.  We also acknowledge that if Mrs. Sherar had not applied for Social Security benefits, then her workers' compensation benefits would not have been subject to Federal income tax.  See secs. 104(a)(1), 86(d)(3).  Under the circumstances we can appreciate petitioners' dismay. Nevertheless, as the Supreme Court of the United States has instructed, we are dutybound to apply the law as written by Congress to the facts as they occurred and not as they might have occurred.  See Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974).  Because Mrs. Sherar's Social Security benefits were reduced by the amount of workers' compensation benefits received, that offset amount is treated as a Social Security benefit and is, therefore, taxable.  See sec. 86(d)(3).

Accordingly, we sustain respondent's determination that 85 percent of Mrs. Sherar's Social Security benefits are includable in petitioners' income for 2007 under section 86(d)(3).[3]

---

[3] We note that amounts paid for attorney's fees are in some circumstances deductible as a miscellaneous expense.  See sec.
(continued...)

## Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they do not support a result contrary to that reached herein.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[3](...continued) 212(1); Andrews v. Commissioner, T.C. Memo. 1992-668; sec. 1.212-1(a)(1), Income Tax Regs. By definition, miscellaneous itemized deductions are subject to a 2-percent floor, meaning that petitioners can deduct these expenses only to the extent that such expenses exceed 2 percent of petitioners' adjusted gross income for 2007, i.e., in this instance, to the extent such expenses exceed approximately $2,011. See sec. 67(a). Although petitioners itemized deductions, their Schedule A, Itemized Deductions, does not list any miscellaneous itemized deductions, and the amount of attorney's fees paid with respect to the Social Security benefits (i.e., $1,072.62) does not exceed the 2-percent floor limitation. Thus, the attorney's fees are not deductible.